```
              IN THE UNITED STATES DISTRICT COURT FOR
            THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
ALPHONSO BUTLER BEY,
                                *
     Plaintiff,
                                *
         v.                         CIVIL NO.: WDQ-07-1381
                                *
LAKESHIA PATE,
                                *
     Defendant.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Alphonso Butler Bey sued Lakeshia Pate for violation of his Fourth Amendment right against unreasonable searches and seizures.[1] Pending is Pate's Motion to Dismiss. For the following reasons, Pate's motion will be granted.

I.   Background

On May 18, 2007, Bey filed suit against Pate, manager of Broadway Court Apartments. The Complaint alleges that Pate permitted three Baltimore City police officers to invade his residence in violation of his Fourth Amendment rights. On July 5, 2007, Bey filed an Amended Complaint, which included additional allegations involving two Baltimore City police officers.

---

[1] U.S. Const. amend. V.

1

II.  Analysis

    A.   Motion to Dismiss

    1.   Standard of Review

A motion to dismiss for lack of subject matter jurisdiction is decided under Federal Rule of Civil Procedure 12(b)(1).  "The plaintiff bears the burden of proving that subject matter jurisdiction properly exists in the federal court." *Biktasheva v. Red Square Sports, Inc.*, 366 F. Supp. 2d 289, 294 (D. Md. 2005).  The court may consider evidence outside of the pleadings to determine if it has jurisdiction over the case. *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).  The motion should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond*, 945 F.2d at 768.

A *pro se* plaintiff's pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Accordingly, *pro se* complaints are construed liberally, and meritorious claims should not be disposed of on "technical niceties." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (*citing Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978)).  However, it is still the *pro se* litigant's responsibility to ensure that his claims are within the jurisdiction of the district court. *Brown*

*v. Doran*, No. 1:02CV011019, 2003 WL 23168946, at *2 (M.D.N.C. Dec. 2, 2003).

2. Discussion

Pate contends that Bey's complaint should be dismissed because the Court lacks subject matter jurisdiction. Pate argues that both parties are Maryland residents, therefore the Court lacks diversity jurisdiction. Def.'s Supp. Mem. at 2. Pate also asserts that there exists no federal question because she is not an employee of any governmental entity and no state action exists. *Id.*

The Court lacks subject matter jurisdiction over this case. Both parties are Maryland residents, thus diversity jurisdiction is not satisfied. Bey's claim also fails as a federal question. To state a claim for relief under the Fourth Amendment, Bey must establish that he was deprived of a right secured by the Constitution and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). The under-color-of-state-law requirement excludes private conduct no matter how wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982) (*quoting Shelley v. Kraemer*, 334 U.S. 1, 13 (1948)). Bey claims Pate violated his constitutional rights, but fails to establish that Pate, manager of an apartment complex, is a state actor. *Sullivan*, 526 U.S. at 50. Accordingly, Pate's motion to dismiss will be granted.

3

III. Conclusion

    For the above stated reasons, Pate's motion will be granted.


<u>October 17, 2007</u>　　　　　　　　　　　　<u>　　　　　/s/　　　　　　　　　</u>
Date　　　　　　　　　　　　　　　　　　William D. Quarles, Jr.
　　　　　　　　　　　　　　　　　　　　United States District Judge